## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **HARRIGAN'S RESTAURANTS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIV-14-1120-R** |
| | ) | |
| **KIMBERLY A. FURRY and** | ) | |
| **FURRY & ASSOCIATES, P.C.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Defendants have filed a Motion for Partial Summary Judgment (Doc. No. 57), to which Plaintiff has filed a response. Having considered the parties' submissions, the Court finds as follows. Defendants seek summary judgment on the issue of punitive damages and attorneys' fees, conceding liability for negligence in providing accounting services to Plaintiff. Plaintiff did not respond to Defendants' contention that liability in this case does not support a fee award, and accordingly, the Court concludes Plaintiffs do not intend to seek attorney's fees or have waived any future attempt to do so. Plaintiff contends, however, that a jury could award it punitive damages based on Defendants' reckless disregard for its rights.

This action arises out of admitted negligence in the accounting, payroll, and tax services provided by Defendant to Plaintiff, which operates restaurants in west Texas. Specifically, based on its historic payroll tax liability, Plaintiff should have been making bi-weekly payroll tax payments to the Internal Revenue Service. Defendants, however, only

made monthly payments, which resulted in $28,425.74 in penalties.[1] Additionally, Defendant submitted W-2 forms for Harrigdan's in paper format, rather than electronically, as required, resulting in approximately $40,000.00 in penalties. Defendants unsuccessfully requested abatement of the penalties. Plaintiff also expended $35,000.00 for a new firm to correct Defendants' work and to file amended tax returns. Plaintiff alleges Defendants are liable for punitive damages because their conduct amounted to gross negligence or reckless disregard of its rights.

Okla. Stat. tit. 23 § 9.1, permits recovery of punitive damages if the jury finds by "clear and convincing evidence that . . . defendant has been guilty of reckless disregard for the rights of others." *Id.*

---

[1] Marsala Martinez, Defendant's employee who processed Harrigan's payroll taxes, testified:

Q: What did you notice that you think had been done incorrectly?
A: The 941 deposit.
Q: What brought hat to your attention?
A: They had more than $50,000 in liability in --in a year or a quarter.

\*\*\*

Q: Did you bring that to Ms. FURRY's attention?
A: Yes.
Q: And what did she tell you after your brought it to her attention?
A: She just said that she was going to look into it.
Q: Did she tell you that you should start paying payroll taxes with each paycheck?
A: No.

\*\*\*

Q: Did you keep paying the payroll taxes monthly after that?
A: Yes.
Q: Did you think that that could cause a problem for Harridan?
A: Yes, but that's what I was told to do.

\*\*\*

Q: By who?
A: By Ms. FURRY.

Depo. Martinez, pp. 50-52.

In Oklahoma, punitive damages are allowable when there is evidence of reckless and wanton disregard of another's rights from which malice and evil intent may be inferred. *Graham v. Keuchel*, 847 P.2d 342, 363 (Okla.1993) (citing *Mitchell v. Ford Motor Credit Co.*, 688 P.2d 42, 45 (Okla.1984)). And "malice may be shown by 'an indifference to or conscious disregard' of the rights of another, justifying an award of punitive damages." *Alsobrook v. National Travelers Life Ins. Co.*, 852 P.2d 768, 773 (Okla.Civ.App.1992). In *State ex rel. Pollution Control Coordinating Board v. Kerr McGee Corp.*, 619 P.2d 858, 865-866 (Okla.1980), the Oklahoma Supreme Court ruled that whether a defendant's conduct was sufficiently reckless to merit punishment by an award of punitive damages is a jury question. According to the court, where it is impossible to say from a reading of the record there was no evidence reasonably tending to support an inference of gross negligence, it is proper for the trial court to submit the punitive damage question to the jury. "Only when there is no evidence whatsoever that would give rise to an inference of malice or conduct deemed equivalent to malice may the trial court refuse to submit an exemplary damage instruction to the jury." *Id.*

*Haberman v. The Hartford Ins. Grp.*, 443 F.3d 1257, 1271 (10th Cir. 2006). The Court finds that the record as submitted does not support the conclusion that there is no evidence to support an inference of gross negligence, especially in light of Ms. Martinez's testimony as set forth above. As such, Defendants are not entitled to summary judgment with regard to the issue of punitive damages.

For the reasons set forth herein, Defendants' Motion for Partial Summary Judgment is GRANTED IN PART and DENIED IN PART as set forth herein.

IT IS SO ORDERED this 6th day of November, 2015.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE